NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CALEB AVERY T'BEAR,

    Plaintiff-counter-
    defendant-Appellant,

  v.

BARRY FORMAN,

    Defendant-counter-claimant-
    Appellee.

No. 20-16348

D.C. No. 3:17-cv-00796-JSC

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding**

Submitted September 14, 2021***

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Caleb Avery t'Bear appeals pro se from the district court's order granting

attorney's fees in this diversity action concerning t'Bear's default on promissory

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The parties consented to proceed before a magistrate judge. *See* 28
U.S.C. § 636(c).

\*\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

notes.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo whether a state statute permits attorney's fees, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000), and for an abuse of discretion an award made pursuant to state law, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 898 (9th Cir. 2006).  We affirm.

The district court did not err in awarding attorney's fees to defendant Forman because the promissory notes provided for attorney's fees in actions that encompass the claims and counterclaims brought in this case, and the record demonstrates that the district court did not abuse its discretion in setting the amount of its award.  *See* Cal. Civ. Code § 1717 (allowing an award of attorney's fees in an action "on a contract" where the contract specifically provides for attorney's fees that are incurred to enforce that contract); *PLCM Grp., Inc. v. Drexler*, 997 P.2d 511, 518-20 (Cal. 2000) (noting a trial court's "broad authority to determine the amount of a reasonable fee" under § 1717 and discussing the relevant factors); *Hjelm v. Prometheus Real Estate Grp., Inc.*, 208 Cal. Rptr. 3d 394, 404 (Ct. App. 2016) (explaining that California courts interpret "on a contract" broadly, and § 1717 applies if the action "arises out of, is based upon, or relates to" a contract that contains an attorney's fee provision).  We reject as meritless t'Bear's contention that the attorney's fee award was unconscionable.

We do not consider t'Bear's remaining contentions, including those

concerning the district court's findings of fact and conclusions of law, judgment, and order denying t'Bear's motion for post-judgment relief. Those issues are outside the scope of this appeal, and this court has previously dismissed for lack of jurisdiction t'Bear's separate, untimely appeals raising them. *See t'Bear v. Forman*, No. 20-15619 (9th Cir. June 26, 2020) (order); *t'Bear v. Forman*, No. 20-16742 (9th Cir. Nov. 23, 2020) (order); *see also Nutrition Distrib. LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1081 (9th Cir. 2020) (notice of appeal that is timely only as to attorney's fee order does not allow appellate review of underlying judgment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**